UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA KASHPIROVA,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden,<br>Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26cv1835-LL-VET<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

Before the Court is Petitioner Elena Kashpirova's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner also filed a Motion for Temporary Restraining Order ("TRO"). ECF No. 2. Respondents filed a Return [ECF No. 5], but Petitioner did not file a Traverse [*See* Docket]. For the reasons set forth below, the Court **DENIES** the Petition and the Motion for TRO.

## I.      BACKGROUND

Petitioner is a citizen of Russia and states that she initially arrived in the United States on February 25, 2023 to apply for asylum. Pet. ¶ 2; *see also* Return at 2; Exhibit 1 to Return. Petitioner was issued a Notice to Appear and was paroled into the United States pending her removal proceedings. *See* Exhibits 1, 2 to Return. On December 2, 2024,

Petitioner failed to appear for her removal proceedings and an Immigration Judge ("IJ") ordered her removed in absentia. Pet. ¶ 28; Exhibit 3 to Return. Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal on January 26, 2024. Pet. ¶ 28. Petitioner timely filed a Motion to Reopen the in absentia removal order with the IJ. Pet. ¶ 28; Exhibit 4 to Return. On January 15, 2025, the IJ denied Petitioner's Motion to Reopen, making the IJ's removal order administratively final. *Id.* at 4. Petitioner did not appeal this decision to the Board of Immigration Appeals. In February 2026[1], Petitioner filed a second Motion to Reopen, which the IJ denied. Exhibit 5 to Return. Petitioner states that her failure to appear at the Master Calendar was due to lack of notice. Pet. ¶ 28. Petitioner filed an appeal of the denial of the second Motion to Reopen with the BIA which was accepted on December 29, 2025. *See* Exhibits 6, 7 to Return. On March 14, 2026, Petitioner was detained by ICE where she remains today. Pet. ¶¶ 1, 4.

On March 23, 2026, Petitioner filed the instant Petition. *Id.* Petitioner also filed a Motion for TRO and supporting declaration from her counsel, Magomed Esendirov. ECF No. 2. Petitioner's Motion for TRO requests almost identical relief as that in her Petition which includes: (1) Petitioner's immediate release from custody, without requiring bond or electronic monitoring, or, (2) in the alternative, Petitioner's immediate release from custody and, within 14 days, a pre-deprivation bond hearing before the Immigration Court, where Respondents shall bear the burden of proof to show, by clear and convincing evidence, that Petitioner is a danger or a flight risk. *Id.* at 2.

## II.   LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241

---

[1] Petitioner states that this second Motion to Reopen was filed on February 24, 2025. Pet. ¶ 28. Respondents state that this second Motion to Reopen was filed on February 19, 2025. Return at 2 (citing Exhibit 5 to Return).

26cv1835-LL-VET

expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'"). In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence. *Lambert v. Blodgett*, 393 F.3d 943, 970 n.16 (9th Cir. 2004); *Bellew v. Gunn*, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## III.   DISCUSSION

Petitioner contends that her detention is a "violation of the Fifth Amendment to the United States Constitution (Substantive Due Process)" and a "violation of the Fifth Amendment to the United States Constitution (Procedural Due Process)." Pet. ¶¶ 36-42. Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001), in support of her Due Process argument. Pet. ¶¶ 37-39.

Respondents argue that "post-removal order detention is statutorily mandated under 8 U.S.C. § 1231(a) for a period of 90 days following the date that a noncitizen's removal order becomes final." Return at 1. Respondents further argue that "Petitioner's removal order became final on January 15, 2025, when the IJ denied Petitioner's Motion to Reopen the Removal order in absentia." Return at 3 (internal citation omitted). Respondents argue thatd that "Petitioner's removal period began less than a month ago, 'so [s]he is still in the 90-day window of statutorily mandated detention.'" Return at 3 (internal citation omitted).

When a noncitizen has been found to be unlawfully present in the United States and a final order of removal has been entered, they must be detained for up to ninety days pending the government's efforts to secure their removal. *See* 8 U.S.C. § 1231(a)(1)–(2). This ninety-day period is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). After the removal period, this statute "limits [a noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States" and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the

reasonably foreseeable future." *Id.* If the petitioner satisfies their initial burden, then the burden shifts to the government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the noncitizen's release may be "conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700; *see* 8 U.S.C. § 1231(a)(3).

Here, Petitioner does not dispute that she has a final removal order pending. Rather, she argues that she is "being deprived of her liberty interest without any permissible justification." Pet. ¶ 32. Petitioner states that she "has no criminal record, poses no danger to the community" and that her "prior in abstentia removal order does not establish that she is a flight risk." *Id.* Petitioner states that "before the missed hearing, she consistently appeared for all scheduled proceedings, demonstration compliance with immigration requirements." *Id.* Petitioner explains that "[h]er failure to appear was not willful, but resulted from a lack of notice." *Id.*

The Court is not persuaded by Petitioner's argument. Petitioner's detention began on March 14, 2026, and she is still in the 90-day window of statutorily mandated detention under 8 U.S.C. § 1231(a)(1). In other words, Petitioner's post-final order detention is within the 90-day statutory removal period, and her petition for a writ of habeas corpus must be denied at this time. *See, e.g.*, *Khalilova v. Smith*, No. 25-CV-2140 JLS (DDL), 2025 WL 3089522, at *3 (S.D. Cal. Nov. 5, 2025) (finding the petitioner's habeas petition premature when the six-month period had not passed). Accordingly, the Court finds that Petitioner's current detention does not violate *Zadvydas* or the Due Process Clause.

///

///

///

26cv1835-LL-VET

## IV. CONCLUSION

Based on the above, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus without prejudice and also **DENIES** Petitioner's Motion for TRO. As this concludes the litigation in this matter, the Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: May 5, 2026

Honorable Linda Lopez
United States District Judge

26cv1835-LL-VET