

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA KASHPIROVA,<br><br>                                   Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden,<br>Otay Mesa Detention Center, et al.,<br><br>                                   Respondents. | Case No.:  26cv1835-LL-VET<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 7]** |

Before the Court is Petitioner Elena Kashpirova's Motion to Reconsider the Court's May 5, 2026 Order Denying Petition for Writ of Habeas Corpus and Motion for TRO. ECF No. 7. Upon the Court's review of the Motion for Reconsideration, the Court denies Petitioner's Motion for the reasons set forth below.

The facts underlying Petitioner's immigration proceedings have been a bit convoluted. Petitioner is a native and citizen of Russia, who on February 25, 2023, entered and applied for admission into the United States. Pet. ¶ 2; *see also* Return at 2; Exhibits 1, 2 to Return. That day, Petitioner was issued a Notice to Appear (NTA) and was paroled into the U.S. pending her removal proceedings. Exhibits 1, 2 to Return. On January 26, 2024, Petitioner filed a Form I-589, Application for Asylum and for Withholding of

Removal. ECF No. 2-1 at 7-16. On December 2, 2024, Petitioner failed to appear for her master calendar hearing, and an Immigration Judge ("IJ") ordered Petitioner removed *in absentia*. Pet. ¶ 28; Exhibit 3 to Return. Petitioner timely filed a Motion to Reopen the *in absentia* removal order with the IJ. Pet. ¶ 28; Exhibit 4 to Return. On January 15, 2025, the IJ denied Petitioner's Motion to Reopen. *See id*. at 4. Petitioner did not appeal this decision to the Board of Immigration Appeals ("BIA"). On February 24, 2025, Petitioner filed a second Motion to Reopen which the IJ again denied. Pet. ¶ 28; Exhibit 5 to Return. On April 18, 2025, Petitioner filed an appeal of the IJ's denial of her second Motion to Reopen with the BIA. Exhibit 6 to Return. The BIA accepted Petitioner's brief on December 29, 2025, and the appeal is pending. Exhibit 7 to Return. On March 14, 2026, Petitioner was detained by ICE and transferred to the Otay Mesa Detention Center, where she remains today. Pet. ¶¶ 1, 4.

Upon a further review of the pleadings in this case and the instant Motion before the Court, the record has been clarified and the Court finds that Petitioner is no longer in the 90-day window of statutorily mandated detention under 8 U.S.C. § 1231(a)(1) because the Immigration Judge's removal order became administratively final on January 15, 2025. Pet. ¶ 28; *see also* Exhibit 4 to Return. However, this does not change the Court's finding that Petitioner's Petition must be denied without prejudice at this time.

In this case, the mandatory removal period would have expired on April 15, 2025. *See* 8 U.S.C. § 1231(a)(1). Petitioner was detained on March 14, 2026, approximately eleventh months later. Pet. ¶ 27. Petitioner argues in her Motion for Reconsideration that her detention is governed by 8 U.S.C. § 1231(a)(6) and that "[her detention] without any individualized determination by a neutral decisionmaker – on any standard of proof – that she is a danger or a flight risk violates due process." ECF No. 7 at 3. Petitioner argues in relevant part in her Motion for Reconsideration as follows:

> Petitioner's circumstances heighten the constitutional concern. Her appeal of the denial of her second Motion to Reopen was accepted by the BIA on December 29, 2025, and contests the validity of the underlying in absentia order on notice grounds. Order at 2. If the appeal is granted, the order on which

2

26cv1835-LL-VET

her detention rests will be vacated, and the asserted government interest in detention to "secure removal," *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001), will collapse. Petitioner was initially paroled into the country after a determination that she does not pose a flight risk or is danger to the community. She has no criminal record, has appeared for every immigration proceeding other than the hearing she contends she was not noticed for, and has now been detained for nearly two months without any neutral adjudicator having ever found, on any standard of proof, that her detention is necessary.

ECF No. 7 at 4.

In the Return, Respondents argue "Petitioner remains detained under § 1231(a) while the government actively seeks to execute her removal to Russia." Return at 4. "Indeed, under § 1231(a)(6) and Supreme Court precedent, Petitioner's post-final order detention is presumptively reasonable pending the government's efforts to effectuate her removal for six months following the final order of removal." *Id.* (citing *Zadvydas v. Davis*, 533 U.S. at 701). However, Petitioner maintains that "she does not contend her detention is indefinite under *Zadvydas*," but rather that her "detention under (a)(6) without any individualized determination by a neutral decisionmaker – on any standard of proof – that she is a danger or a flight risk violates procedural due process." ECF No. 7 at 3. Petitioner seeks immediate release.[1]

Petitioner's claim in this case is based on substantive and procedural due process under the Fifth Amendment. Pet. ¶¶ 36-42. The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (citing *Reno*

---

[1] Petitioner's Motion for TRO requests almost identical relief as that in her Petition which includes: (1) Petitioner's immediate release from custody, without requiring bond or electronic monitoring, or, (2) in the alternative, Petitioner's immediate release from custody and, within 14 days, a pre-deprivation bond hearing before the Immigration Court, where Respondents shall bear the burden of proof to show, by clear and convincing evidence, that Petitioner is a danger or a flight risk. Pet. at 8-9; TRO at 2.

*v. Flores*, 507 U.S. 292, 306 (1993)). The Due Process Clause generally "requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citation omitted).

Here, although Petitioner was initially released on parole upon her entry into the United States on February 25, 2023, she was later subject to a removal order from an IJ that became administratively final on January 15, 2025. Pet. ¶ 28; *see also* Exhibit 4 to Return. Once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government shall detain the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

There is an administratively final order of removal against Petitioner in this case; thus, detention is now governed by § 1231 by statute. Respondents argue in their Return that they are "actively seek[ing] to execute [Petitioner's] removal to Russia." Return at 3. Even though Petitioner has a pending appeal to the BIA, the Court still finds that the issues

4

raised in the Petition related to the validity of detention are no longer properly before it. *See, e.g.*, *Stone v. INS*, 514 U.S. 386, 405 (1995) (a removal order is "final when issued" and its "finality is not affected by the subsequent filing of a motion to reconsider."). Petitioner argues that "district courts in this Circuit have continued to recognize the procedural-protections gap under 8 U.S.C. § 1231(a)(6)." ECF No. 7 at 4. However, the cases that Petitioner relies on are inapposite to the facts in this case because they all involve facts in which a petitioner had a final order of removal, but was subsequently released from detention on an Order of Supervision ("OSUP"), and then re-detained without notice. *See, e.g., Acosta-Ginori v. Bondi*, No. 2:25-cv-02649-RAJ, 2026 WL 221509, *1 (W.D. Wash. Jan. 28, 2026) (An immigration judge ordered petitioner removed to Cuba, and after three month in detention, he was released on an Order of Supervision); *Jimenez v. Bondi*, No. 25-cv-2167, 2025 WL 3466925, at *2 (W.D. Wash. Dec. 3, 2025) (after petitioner was ordered removed to Vietnam, he was released from custody on an Order of Supervision because ICE was unable to effectuate his removal to Vietnam); *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *5 (W.D. Wash. Dec. 15, 2025); *Tran v. Bondi*. No. 25-cv-2335, 2025 WL 3725677, at *4–7 (W.D. Wash. Dec. 24, 2025) (Petitioner was released from immigration custody on an Order of Supervision because there was not a significant likelihood of removal to Vietnam in the reasonably foreseeable future); *Tzafir v. Bondi*, No. 25-cv-2067, 2026 WL 74088, at *3–5 (W.D. Wash. Jan. 9, 2026) (In 2004, petitioner was ordered removed to Israel, but Petitioner was released on an Order of Supervision because DHS had trouble securing her travel documents back to Israel); *Bui v. Warden of Otay Mesa Detention Facility*, No. 25-cv-2111-JES-DEB (S.D. Cal. Oct. 23, 2025).

In the instant case, Petitioner was initially released on parole and then detained after her final order of removal was entered. Even though Petitioner is no longer in the 90-day window of statutorily mandated detention under 8 U.S.C. § 1231(a)(1), there is no controlling authority that Petitioner has cited or that the Court is aware of that would authorize her release at this procedural posture given the facts of her case.

26cv1835-LL-VET

Accordingly, at this time, the Court must **DENY** Petitioner's Motion for Reconsideration. However, the **DENIAL** of Petitioner's Petition is **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated:  May 20, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv1835-LL-VET